| FITZSIMMONS, Judge,
concurring with reasons.
I respectfully concur in the result reached by the majority. This court has understandably found itself under the penumbra of jurisprudential precedent established in Spiller v. Herpel, 357 So.2d 572 (La.App. 1st Cir.), writ denied, 358 So.2d 637 (La.1978). However, adherence to the corrosive application of “lapsed legacy,” in instances such as Spiller and the instant case, abrogates the intent and written directives of the testator. Indeed, the harsh result of bestowing on the curator the sole discretion to alter a special bequest of the testator, without having first exhausted other unspecified assets, might constitute a divestiture of a property right. At a minimum, it defies the written intent of the testator, which should be paramount. Such a subversive law should be reformed.
It is, moreover, respectfully argued that if any proceeds from the conversion of a special bequest remain at the time of testator’s death, the legatee who had been named by the testator should be entitled to said proceeds. To do otherwise unnecessarily defies the written directives of the testator, which he or she had committed to writing.